Christy J. White
D.C. Bar No. 974102
VA Bar No. 75349
U.S. Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549
Tel: 202-551-4502
Email: whitechr@sec.gov
Facsimile: 202-572-1372

Attorney for Plaintiff
U.S. Securities and Exchange Commission

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff/Petitioner,* v. **VERTICAL FUND GROUP, INC., GUSTAVO A. ALTUZARRA, and CHRISTOPHER R. CHASE,** *Defendants/Respondents.* | Docket No.: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933, SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934, SECTION 209(d) OF THE ADVISERS ACT OF 1940 AND SECTION 42(D) OF THE INVESTMENT COMPANY ACT OF 1940 ENFORCING COMPLIANCE WITH A COMMISSION ORDER** |

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §

1

78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondents, Vertical Fund Group, Inc. ("VFG"), Gustavo A. Altuzarra ("Altuzarra"), and Christopher R. Chase ("Chase") (collectively "Respondents"), with the Commission's Order to Institute Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against them on August 22, 2017.  In anticipation of the proceedings giving rise to the OIP, VFG, Altuzarra and Chase agreed to jointly and severally disgorge $6,272,549 plus $362,408 in prejudgment interest, and pay a civil penalty of $2,400,000.[1]

## INTRODUCTION

1. The Commission seeks by its Application to enforce an order of the Commission, which found that:

   a. Respondents Altuzarra and Chase willfully violated Section 17(a) of the Securities Act;

   b. Respondents Altuzarra and Chase violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

   c. Respondents Altuzarra and Chase willfully aided and abetted and caused VCAM to violate Sections 206(1) and 206(2) of the Advisers Act;

   d. Respondents Altuzarra and Chase willfully aided and abetted and caused VCAM's violation of Section 206(4) of the Advisers Act and Rules 206(4)-7 and 206(4)-8 thereunder;

---

[1] Defendants Vertical Capital Asset Management, LLC's ("VCAM") and Vertical Recovery Management LLC ("VRM") also agreed to pay the ordered disgorgement, prejudgment interest and civil penalty amounts referenced above; however, because they are now defunct they are not named as Respondents in this action.

  e. Respondents Altuzarra and Chase willfully aided and abetted and caused Vertical US Recovery Fund, LLC's ("VUSRF") and Vertical US Recovery Fund II ("VUSRF II") to violate Section 17(a)(1) of the Investment Company Act;

  f. Respondent VFG violated, and Altuzarra and Chase willfully aided and abetted and caused VFG's violation of, Section 17(a)(3) of the Investment Company Act; and

  g. Respondents Altuzarra and Chase willfully aided and abetted and caused Vertical Capital Income Fund's ("VCIF) uncharged violation of Section 34(b) of the Investment Company Act.

2. Respondents have failed to satisfy the disgorgement order and civil penalty imposed upon them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Vertical Fund Group, Inc., is a corporation organized and registered to do business in California, and headquartered in Irvine, California.

5. Gustavo A. Altuzarra, age 62, is a resident of Laguna Niguel, California.

6. Christopher R. Chase, age 65, is a resident of Dana Point, California.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Section 20(c) of the Securities Act, Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

8. Venue lies in the United States District Court for the Southern District of California under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 214 of the Advisers Act, and Section 44 of the Investment Company Act. Respondents VFG, Altuzarra and Chase

are "found" or are "inhabitants" of this District, and a substantial part of the events or omissions giving rise to the action occurred in the District.

**STATEMENT OF RELEVANT FACTS**

9.  On August 22, 2017, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against VFG, Altuzarra, and Chase, pursuant to Section 8A of the Securities Act, Sections 15(b) and 21C of the Exchange Act, Sections 203(e), 203(f) and 203(k) of the Advisers Act, and Section 9(b) and 9(f) of the Investment Company Act. *See* Ex. 1.

10.  The Commission alleged, in part, that Altuzarra and Chase orchestrated several fraudulent schemes over approximately three years through entities they created and controlled, including VFG. Through the various entities, Altuzarra and Chase made misrepresentations to, and omitted material information from, a client fund and its investors and prospective investors, and another fund they controlled. Altuzarra and Chase also made unauthorized loans from funds they advised or managed to other entities they controlled and subsequently engaged in fraudulent transactions designed to hide the unauthorized loans. The result of the conduct discussed herein is that Respondents violated numerous provisions of the federal securities laws.

11.  In anticipation of the OIP and related proceedings, Respondents submitted Offers of Settlement ("Offers"), which the Commission accepted. As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in Respondents' Offers, which included an order for VFG, Altuzarra and Chase to jointly and severally disgorge $6,272,549 plus $362,408 in prejudgment interest, and pay a civil penalty of $2,400,000.

12.  Respondents did not seek review of the Order, and the time to do so has expired.

**ARGUMENT**

13.  The Commission brings this proceeding under Section 20(c) of the Securities Act, 21(e)(1) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment

Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

14. Proceedings under these provisions are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

15. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

16. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an order enforcing their compliance with the Commission Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

   a. VFG, Altuzarra and Chase to disgorge, jointly and severally, $6,272,549 plus $362,408 in prejudgment interest, and pay a civil penalty of $2,400,000;

b. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from September 28, 2017, the date of the Order, to the date that this Court enters its judgment; and

c. Injunctive Relief.

### III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

### IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

### V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

### VI.

That the Court order such other and further relief as may be just and proper.

Dated:  April 8, 2020

Respectfully submitted,

s/ Christy J. White
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov

Telephone:  202.551.4502
Facsimile:  202.572.1372

Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission